**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KENNETH HOWARD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:06-CV-521 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Kenneth Howard's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The government has filed its response to the motion to vacate. Movant did not file a reply memorandum and the time to do so has passed. This matter is therefore fully briefed and ready for decision. For the following reasons, movant's motion will be denied.

**Procedural Background**.

On January 13, 2000, Kenneth Howard was indicted by a four-count indictment on one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), one count of possession of marijuana, and one count of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c).

On April 21, 2000, Howard pleaded guilty to each element of the crime of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) as charged in Count I, and the

government moved to dismiss the other three counts. On July 14, 2000, the Court sentenced Howard on Count I to 108 months imprisonment followed by a supervised release term of four years.

Movant filed the instant motion to vacate on March 27, 2006. Movant asserts in the motion that (1) the arresting officer planted crack cocaine on movant at the time of the arrest; (2) the conviction was obtained by use of evidence derived from an unconstitutional search and seizure; (3) the conviction was obtained by use of a coerced confession; and (4) he was denied the effective assistance of counsel. The government opposes Howard's motion on the grounds that it is time barred by the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

On April 2, 2008, the Court ordered movant's sentence in the underlying criminal case reduced under 18 U.S.C. § 3582(c)(2) from 108 months to 78 months, in accordance with the recent amendments to the crack cocaine Sentencing Guidelines. See United States v. Howard, No. 4:00-CR-15 CAS (E.D. Mo. Apr. 2, 2008). Movant was in a halfway house at the time, and the Court ordered him released immediately.

**Discussion**.

    **A. Jurisdiction**

As a threshold matter, the Court must determine whether it has jurisdiction to consider Howard's case on the merits. Howard has the duty to "show the subsistence of a case or controversy in this court." Hohn v. United States, 262 F.3d 811, 815 (8th Cir. 2001) (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)), vacted on other grounds, 537 U.S. 801 (2002). In other words, Howard must show that his case is not moot despite his release from confinement. See id., 262 F.3d at 815-16.

As stated above, Howard was sentenced to a term of four years supervised release. That term remains in effect following the recent modification of Howard's sentence and his release from prison. Therefore, Howard's case is not moot under the general mootness inquiry, because a favorable decision could redress an injury caused by a purportedly unconstitutional conviction. See Hohn, 262 F.3d at 816.[1] The Court concludes it has jurisdiction to address Howard's motion.

**B. Timeliness**

The Court must determine whether the motion is timely before it can address the merits. Under the AEDPA, the one-year statute of limitations for filing a § 2255 habeas petition begins to run from the latest of:

(1) the date on which the conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

---

[1] The Court notes that Howard's pro se § 2255 motion is titled "Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct *Sentence* by a Person in Federal Custody." When a prisoner challenges his sentence, rather than the underlying conviction, the completion of the sentence renders the prisoner's motion moot. Lane v. Williams, 455 U.S. 624, 631 (1982). Pro se habeas filings are interpreted liberally. Hohn, 262 F.3d at 816 n.3. Despite the title of the form motion to vacate, Section § 2255 is available to attack convictions as well as sentences. Id. Because of the nature of the claims asserted, the Court interprets Howard's motion as an attack on his conviction rather than his sentence.

In this case, only the first and fourth dates are potentially relevant. The first date is the "date on which the conviction becomes final." Howard's conviction became final on August 1, 2000–the last day he could have filed an appeal with the Eighth Circuit Court of Appeals–because the judgment of conviction was entered on July 18, 2000 and Howard did not seek appellate review of the judgment. See Fed. R. App. P. 4(b)(1)(A) (a defendant in a criminal case has ten days after entry of judgment to file a notice of appeal); Fed. R. App. P. 26(a) (it is appropriate when computing to exclude intermediate Saturdays, Sundays and legal holidays). See also Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); United States v. Smith, 65 F. App'x 201, 202 (10th Cir.) (same), cert. denied, 540 U.S. 934 (2003). Cf. Clay v. United States, 537 U.S. 522, 527 88 (2003) ("Finality attaches . . . when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Howard did not file the instant motion until 2006, several years beyond the last day it could have been properly filed under Section 2255.

The fourth potential date is "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Howard cannot contend that the indictment or conviction of arresting officer Reginald Williams constitutes newly-discovered evidence in connection with Howard's claim that Williams planted crack cocaine on him. Howard has obviously known from the time of his arrest whether or not Reginald Williams planted crack cocaine on him. As a result, this motion is time barred and must be denied as such.

4

### C. Certificate of Appealability

Motions to vacate, set aside, or correct sentences pursuant to 28 U.S.C. § 2255 filed after April 24, 1996 are subject to the AEDPA's requirement that a movant must obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1). The Court finds that movant has not made a showing that reasonable jurists would find it debatable whether the Court's procedural rulings are correct, and therefore this Court will not issue a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

**Conclusion**.

For the foregoing reasons, the Court concludes that movant Kenneth Howard's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 should be denied as time barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

An appropriate judgment will accompany this memorandum and order.

                                                               **CHARLES A. SHAW**
                                                                **UNITED STATES DISTRICT JUDGE**

Dated this   30th   day of April, 2008.